# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KAYLEEN SHAKESPEAR,

                Plaintiff,

vs.

WAL-MART STORES, INC.,

                Defendant.

Case No. 2:12-cv-01064-MMD-PAL

**ORDER**

(Mot. for Spoliation of Evidence - Dkt. #50)

Before the court is Plaintiff's Motion for Spoliation of Evidence (Dkt. #50). The court has considered the Motion, Defendant's Response (Dkt. #58), Plaintiff's Reply (Dkt. #59), and the arguments of counsel at the hearing held on April 9, 2013. Christian Smith appeared on behalf of the Plaintiff, and Brenda Entzminger appeared on behalf of the Defendant.

## BACKGROUND

The complaint in this case was filed in state court and removed (Dkt. #1) June 1, 2012. It asserts claims against Wal-Mart related to a slip-and-fall accident Plaintiff allegedly suffered at a Wal-Mart store in Las Vegas, Nevada on August 5, 2011. Shakespeare contends she slipped and fell on a cherry pit and was injured. The complaint alleges Wal-Mart should have known about the cherry pit and created an unreasonably dangerous condition by failing to exercise due care in maintaining a clear floor. *See* Complaint, attached to Petition for Removal, (Dkt. #1) as Exhibit "B". The court entered a Scheduling Order (Dkt. #9) on August 8, 2012.

Discovery in this case has been contentious. The parties have been unable to agree on routine scheduling and case management matters, and have had multiple discovery disputes which the court has resolved in a series of status and dispute resolution hearings. *See, e.g.,* Minutes of Proceedings (Dkt. ##14, 21, 27, 29 and 65).

**DISCUSSION**

In the current motion, Plaintiff seeks spoliation sanctions because Wal-Mart did not produce any surveillance video in discovery in this case. The moving and responsive papers are voluminous. The motion and supporting exhibits consist of nearly 700 pages. Defendant's Response (Dkt. #58) and supporting exhibits are almost 500 pages. Having reviewed and considered all of the moving and responsive papers and the arguments of counsel, the motion is denied.

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending, or reasonably foreseeable litigation. *United States v. Kitsap Physicians Sys.*, 314 F.3d 995, 101 (9th Cir. 2002) (citing *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)). A party engages in spoliation as a matter of law only if it had some notice that the evidence was potentially relevant to the litigation before it was destroyed. *Id*. A party has a duty to preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence. *Id.*; *see also In re: Napster*, 462 F.Supp.2d 1060, 1067 (N.D.Cal. 2006). When a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action. *Id.* (citing *National Association of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556-57 (N.D. Cal. 1987)).

A trial court has broad discretion in determining a proper sanction for spoliation, including outright dismissal of the lawsuit. *See Chambers v. NASCO, Inc.,* 501 U.S. 32 45 (1991). Additionally, "[a] federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993). The court has the discretion to sanction a responsible party by instructing the jury that it may infer the spoliated evidence would have been unfavorable to the responsible party. *Id*. A finding of "bad faith" is not a prerequisite to an adverse inference instruction. *Id*. (citing *Unigard Sec. Ins. Co. v. Lakewood Engineering & Manufacturing Corp.,* 982 F.2d 363, 368-70 & n.2). An adverse inference instruction may be given upon a finding that the evidence was destroyed after a party was on notice of the potential relevance of the evidence to the litigation. *Id*. The Ninth Circuit has held that a trial court's "adverse inference sanction should be carefully fashioned to deny the wrongdoer the fruits of its misconduct yet not interfere with that party's right to produce other relevant evidence." *In re: Oracle*

1  *Corp. Securities Litigation*, 627 F.3d 376, 386 (9th Cir. 2010).  The Ninth Circuit reviews a district
2  court's exercise of its discretionary power to impose spoliation sanctions for an abuse of discretion.
3  *Id.* at 386.
4        In examining a spoliation claim, the court determines whether destruction or failure to preserve
5  evidence results in prejudice to the opposing party.  *Leon v. IDX Systems Corp.,* 464 F.3d 951, 959 (9th
6  Cir. 2006).  In determining whether a party has been prejudiced by spoliation, the court inquires
7  whether the spoliating party's destruction of evidence impairs the non-spoliating party's ability to go to
8  trial or threatens to interfere with the rightful decision of the case.  To be actionable, the spoliation of
9  evidence must damage the right of a party to bring an action.  *Ingram v. United States*, 167 F.3d 1240,
10  1246 (9th Cir. 1999) (citing *Unigard,* 982 F.2d at 371).  In *Anheuser-Busch*, the Ninth Circuit found
11  prejudice when a party's refusal to provide certain documents "forced Anheuser to rely on incomplete
12  and spotty evidence" at trial.  69 F.3d at 354.
13        In *Akiona v. United States*, the Ninth Circuit explained the twin rationales for permitting the
14  trier of fact to draw an adverse inference from the destruction of evidence relevant to a case.  The
15  evidentiary rationale for an adverse inference is based on "the common sense observation" that a party
16  who has notice that evidence is relevant to litigation and destroys the evidence is more likely to have
17  been threatened by the evidence than is a party in the same position who does not destroy evidence.
18  *Akiona,* 938 F.2d at 161.  There is also a deterrence rationale for permitting the trier of fact to draw an
19  adverse inference from the destruction of evidence because an adverse inference instruction punishes a
20  party for wrongdoing and is intended to deter others from destroying relevant evidence.  *Id*.
21        The court lacks the time or the resources to systematically cite to the more than 1100 pages of
22  moving and responsive papers and supporting exhibits.  However, having reviewed and considered
23  them all, the court finds that Wal-Mart has not spoliated evidence by failing to produce video
24  surveillance in the store in which this accident occurred.  Wal-Mart's Assistant Manager, Michelle
25  Smith, filled out an accident report the date of the incident and also filled out a standard Wal-Mart form
26  which required that video surveillance be pulled and preserved.  She provided the form to Ian Davidson,
27  the Asset Protection Manager.  Mr. Davidson's deposition was taken in this case and he testified that
28  there was one surveillance camera in the produce department and surrounding area which is nearest to

the bakery. Wal-Mart's form document preservation directive and evidence collection sheet was produced in discovery and attached as Exhibit "C" to Wal-Mart's opposition. It was filled out by Michelle Smith. The form inform managers that the company may have a legal obligation to preserve information that is potentially relevant to store incidents and directs employees to immediately search for and preserve paper and electronic documents, data and physical evidence, including surveillance video. The form directs a member of management to collect two DVD copies of surveillance video one hour before and one hour after depicting the area where the incident occurred, and any condition involved. The form was filled out and the word "none" appears next to the direction to collect surveillance video.

        Wal-Mart submitted the affidavit of Anyanna Thompson as Exhibit "A" in support of its opposition. Ms Thompson is the current Asset Protection Associate at the store where the incident occurred. She attests that on the date of the incident, the camera located near the bakery and produce department did not capture footage of the Plaintiff's slip and fall because it was set in a default direction at the Men's Department. Thompson Affidavit, Exhibit "A", ¶¶4, 5. Two additional cameras were set in default positions facing the high traffic and high theft areas of the Men's Department of the Wal-Mart store on the date of the incident. *Id*., ¶6. Ms. Thompson attests that she is not aware of any camera in the store involved in this incident that had the ability to capture footage of the slip and fall in the freezer aisle where it occurred, or the areas immediately surrounding the aisle. *Id*., ¶7. Finally, Ms. Thompson attests that on the date of the incident, Wal-Mart did not use its surveillance camera system to verify or ensure that its employees were conducting safety sweeps. *Id*., ¶8. On the date of the incident, Wal-Mart's policy was to maintain video surveillance footage on the DVR systems of individual stores for not less than thirty days. *Id*., ¶9. Because of limitation on digital memory, the DVR systems in the subject store are typically overwritten every thirty to forty-five days, depending on the varying amount of storage available. *Id*., ¶10.

        Ian Davidson's affidavit was also submitted as Exhibit "B" in support of Wal Mart's opposition. He is currently the Assistant Store Manager at the subject store. *Id*., ¶2. On August 5, 2011, the date of this incident, he was employed as the Asset Protection Manager. *Id*., ¶3. He also attests that the camera located near the bakery and produce department did not capture any footage of the Plaintiff's slip and

fall or the surrounding area because it was set facing the Men's Department on the date of the incident. *Id*., ¶¶4, 5. Similarly, he attests that on the date of the incident, two other cameras were set in default positions facing the high traffic, high theft areas and that he was not aware of any camera in the subject store that had the ability to capture footage of the Plaintiff's slip and fall in the freezer aisle, or the areas immediately surrounding it. *Id*., ¶¶6, 7.

Counsel for Plaintiff sent Wal-Mart a preservation letter on September 22, 2011. The letter is attached as Exhibit "8" to the motion. It demanded that Wal-Mart comply with its legal duty to preserve any and all evidence, including "the surveillance video in question". It also demanded that Wal-Mart ensure that the "**surveillance video in question remains completely undisturbed** until such time as you permit an inspection of such surveillance video." (Emphasis in original.) The letter did not specify what surveillance video Plaintiff believed should be preserved. During litigation, Plaintiff has taken the position that Wal-Mart should have kept surveillance video of all of the surrounding areas, if not the entire store, on the date of the incident because it would have corroborated or refuted Wal-Mart's claim that its associates conduct periodic safety sweeps. The letter, however, only refers to "the subject video", and does not request preservation of all surveillance video for any specified time, or in any specified areas. Under these circumstances, the court finds that Wal-Mart did not spoliate evidence when it failed to preserve all surveillance video for an unspecified period of time before and after the accident involved in this case in the subject store.

For the reasons stated,

**IT IS ORDERED** that Plaintiff Kayleen Shakespeare's Motion for Spoliation of Evidence (Dkt. #50) is **DENIED**.

Dated this 24th day of June, 2013.

_____
Peggy A. Leen
United States Magistrate Judge