UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KAYLEEN SHAKESPEAR, | Case No. 2:12-cv-01064-MMD-PAL |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| WAL-MART STORES, INC.; DOES I through X and ROE CORPORATIONS I through X, inclusive, | (Plf.'s Objections re LR IB 3-1 – dkt. no. 76) |
| Defendants. | |

**I.   SUMMARY**

Before the Court is Plaintiff Kayleen Shakespear's Objections to Magistrate Judge's July 9, 2013, Order (dkt. no. 75) Granting Defendant Wal-Mart's Motion to Exclude All Evidence of Future Surgery, Permanent Medical Impairment, and Future Medical Expenses. (Dkt. no. 76.) The Court has also considered Defendant Wal-Mart Stores, Inc.'s Opposition. (Dkt. no. 77.) For the reasons discussed below, the Motion is denied.

**II.   BACKGROUND**

This case arises out of a slip-and-fall accident Plaintiff allegedly suffered at a Wal-Mart store in Las Vegas, Nevada on August 5, 2011. The Complaint alleges that Defendant Wal-Mart Stores, Inc. ("Defendant") created an unreasonable dangerous condition by failing to exercise due care in maintaining the store's floor clear of a cherry pit that caused Plaintiff to slip and fall.

The basis of the underlying motion is that on February 21, 2013, the day of the expert witness disclosure deadline, Plaintiff produced the expert reports of two medical expert witnesses who opined about the causation of Plaintiff's injuries and the amount of future medical expenses. Prior to this however, Plaintiff had not disclosed the existence of the medical experts or any computation of future damages. Defendant moved to have the evidence excluded, arguing that Plaintiff's non-disclosure violated her discovery obligations under the Federal Rules of Civil Procedure. Defendant further asserted that Plaintiff's actions were deliberately calculated to create a false impression of the scope of the case, thereby preventing Defendant from adequately preparing its defense. Plaintiff contended that she complied with her obligations because the experts were disclosed before the deadline. Plaintiff additionally argued that even if her actions resulted in some technical violation of the rules, it was harmless because Defendant was aware that Plaintiff was suffering residual problems related to her injury, was being treated for pain by her family doctor, and had the opportunity to designate an expert of its own.

Magistrate Judge Leen granted Defendant's motion, holding that although Plaintiff had complied with the expert disclosure obligations under Fed. R. Civ. P. 26(a)(2), she nonetheless had violated her initial disclosure obligations under Fed. R. Civ. P. 26(a)(1)(A) and her obligation to supplement those disclosures under Fed. R. Civ. P. 26(e)(1)(A). Magistrate Judge Leen based her ruling on the fact that Plaintiff had been examined by one of the medical experts before the date of the initial disclosures and examined by the other shortly after the date of the initial disclosures. Nonetheless, Plaintiff never disclosed a calculation of future damages in the initial disclosure, or any of her four separate supplemental disclosures filed thereafter. Moreover, in both her deposition and answers to interrogatories, Plaintiff did not disclose either expert witness, even when asked directly to provide the name of any doctor with whom she had consulted regarding her injuries. Finally, Magistrate Judge Leen noted that, at the time of the initial disclosures, Plaintiff represented that she currently was not treating her

injuries and was not going to pursue a lost wages claim. For this purpose, the scheduling order contained a provision whereby Defendant reserved its right to pursue an Independent Medical Evaluation ("IME") if Plaintiff resumed treatment or claimed unresolved injury requiring future treatment. Magistrate Judge Leen concluded that Plaintiff's non-disclosure was a deliberate and calculated tactic to prevent Defendant from seeking the IME and designating an expert for its case-in-chief. Magistrate Judge Leen granted the Motion and excluded the experts' testimonies.

Plaintiff then brought these objections pursuant to Fed. R. Civ. P. 72(a) and Local Rule IB 3-1(a). Plaintiff argues that Magistrate Judge Leen's Order was contrary to law and its determinations of fact are clearly erroneous. Plaintiff requests reversal of Magistrate Judge Leen's Order.

## III. DISCUSSION

### A. Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

///

### B. Analysis

Plaintiff first asserts that Magistrate Judge Leen "adopted Wal-Mart's version of the facts in the July 8, 2013, Order and reached independent findings of facts (sic) that are clearly erroneous." (Dkt. no. 76 at 11.) Plaintiff further contends that due to these clearly erroneous findings, Magistrate Judge Leen's determination that Plaintiff had violated Fed. R. Civ. P. 26(a)(1)(A) was contrary to law. However, the Court does not agree. Plaintiff has not articulated clearly erroneous findings, but simply her own disagreement with the Magistrate Judge's conclusions. Further, it is Plaintiff, not the Magistrate Judge, who misapplies the law.

All of Plaintiff's assertions of clearly erroneous determinations relate to one of five basic contentions, all of which are flawed. First, Plaintiff asserts that her description of future damages as "to be determined" was in compliance with Rule 26(a)(1)(A) because it supplied all the information reasonably available at the time of the initial disclosure and each subsequent supplemental disclosure. Plaintiff argues that Magistrate Judge Leen's determination that information relating to the amount of future damages *was* reasonably available before the expert disclosure deadline was clearly erroneous because Plaintiff needed expert input on the calculation of future damages, and her experts did not complete their reports before February 2013. Plaintiff supports her argument with statements from her experts explaining that the period between examination and final report was used to conduct a review of her past medical records.

Magistrate Judge Leen however, did not believe that *no information* related to the cost of future medical expenses was ever reasonably available to Plaintiff before the finalization of the expert reports. Plaintiff was first examined on August 1, 2012, more than six months before disclosure of the future damages calculation. Even if time was needed for reviewing past medical records, that review would be more pertinent to the causation of the injury, rather than a projection of future medical costs. More importantly, however, a party's obligations under Rule 26(a)(1) are not excused due to a failure to fully investigate. Fed. R. Civ. P. 26(a)(1)(E). Thus, even accepting Plaintiff's excuse that

4

she was simply waiting on submission of her experts' reports, she still had a duty to inquire and report the information reasonably available. The Court also notes that Plaintiff's last supplemental disclosure was filed after receiving a final report from one of her experts but, nonetheless, it still omitted any calculation of future damages. Consequently, the Magistrate Judge's findings relating to this contention are not clearly erroneous or contrary to law.

Second, Plaintiff asserts that Magistrate Judge Leen's determination that her answer to interrogatories and answers to deposition questions were evasive and misleading was clearly erroneous because disclosure of her experts was not required under Fed. R. Civ. P. 26(b)(4)(D). This contention has no merit. Under Fed. R. Civ. P. 33(b)(4), any objection not stated in a response to an interrogatory is waived. As Plaintiff did not state a Rule 26(b)(4)(D) objection in her responses to the interrogatories, it cannot be raised here. Additionally, there was no objection stated to any question in the deposition. Finally, Plaintiff's failure to raise this argument in its opposition to Defendant's motion before the Magistrate Judge also makes it improperly raised for the first time here. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012).

More fundamentally, however, the Court finds Plaintiff's argument to be disingenuous. Rule 26(b)(4)(D) deals only with experts "not expected to be called as a witness at trial." Here, Plaintiff claims that she could not compute future damages without the aid of her experts. As such, her experts would certainly have to be called as witnesses at trial to prove the cost of future medical treatment. Further, Plaintiff's argument that her fall was the proximate cause of her injuries also rests heavily on her expert's testimony. (*See* dkt. no. 66.) For this reason, it is difficult to believe that Plaintiff consulted with these experts simply for trial preparation and without any intent of calling them as witnesses. The Magistrate Judge's findings relating to this contention are not clearly erroneous or contrary to law.

///

Third, Plaintiff argues that even if her failure to disclose was a violation, that violation was not prejudicial or harmful because Defendant was on notice of Plaintiff's continued medical problems and treatment. Accordingly, Plaintiff argues, Defendant could have requested an IME and designated an expert before the deadline, but chose not to. Plaintiff notes that she consistently represented that she had continual medical problems related to her injury, and even though she was not being treated at the time of the initial disclosures, she consistently represented in the supplemental disclosures that she was receiving treatment from her family doctor and taking medication for occasional pain. Plaintiff argues that this put Defendant on notice of future damages and triggered its right to request an IME.

What Plaintiff ignores in her argument is that her half-truth responses in her supplemental disclosures, answers to interrogatories, and her deposition were completely misleading. By not disclosing that her three medical evaluations, with two medical experts, and her request to one of those experts to prepare a life care plan and assess permanent impairment, Plaintiff created the perception that the scope of the trial was limited to damages for medical expenses of approximately $42,000. Defendant relied on Plaintiff's representations that she had not consulted with other medical experts in determining to not request an IME and retain their own experts. Magistrate Judge Leen found that Plaintiff had "engaged in a calculated strategy to deprive [Defendant] of an opportunity to retain its own experts and conduct an IME." The evidence in the record supports this reasonable conclusion. Consequently, the Magistrate Judge's findings relating to this contention are not clearly erroneous or contrary to law.

Fourth, Plaintiff argues that any violation was not prejudicial or harmful because she agreed to submit to an IME after the expert disclosure deadline, provided the IME focused solely on rebuttal of the experts' opinions relating to future damages. Plaintiff asserts that Magistrate Judge Leen erred, because after the expert disclosure deadline, only rebuttal experts can be identified, and rebuttal expert testimony is limited in scope. Plaintiff's argument attempts to side-step the fact that her own misrepresentations were

the reason that Defendant did not seek its own expert before the deadline. Plaintiff is correct in her assertions relating to rebuttal expert testimony; however, those rules cannot excuse or absolve her own violations of other discovery rules. Thus, the Magistrate Judge did not err.

Finally, Plaintiff argues that Magistrate Judge Leen's Order renders the provisions governing disclosure of experts in Rule 26(a)(2) meaningless, and is contrary to the public policy favoring decisions on the merits. Plaintiff contends that if she is required to disclose her experts at the time of the initial disclosures, it renders the expert disclosure date superfluous. However, Magistrate Judge Leen correctly stated that although experts need not be disclosed in initial disclosures, "the expert disclosure deadline does not excuse Plaintiff from her other discovery disclosure obligations" — such as computation of damages — or from her discovery obligations of providing complete and truthful answers to interrogatories and deposition questions. Additionally, although there is a public policy to hear cases on their merits, there is also a public policy against trial by ambush. For these reasons the Federal Rules of Civil Procedure require disclosures and set deadlines. The Court agrees with Magistrate Judge Leen that Plaintiff's attempt to circumvent those rules and twist them to her advantage was indefensible. For this reason, the Court denies Plaintiff's objections.

## IV. CONCLUSION

It is therefore ordered that Plaintiff Kayleen Shakespear's Objections to Magistrate Judge's July 9, 2013, Order Granting Defendant Wal-Mart's Motion to Exclude All Evidence of Future Surgery, Permanent Medical Impairment, and Future Medical Expenses (dkt. no. 56) is denied.

DATED THIS 9th day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE