1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                               DISTRICT OF NEVADA
10                                      * * *
11   KAYLEEN SHAKESPEAR,                    Case No. 2:12-cv-01064-MMD-PAL
12                         Plaintiff,
            v.                                         ORDER
13
     WAL-MART STORES, INC.; DOES I          (Plf.'s Motion for Summary Judgment
14   through X and ROE CORPORATIONS I              – dkt. no. 66)
     through X, inclusive,
15
                          Defendants.
16
17
18   I.     SUMMARY
19          Before  the  Court  is  Plaintiff  Kayleen  Shakespear's  Motion  for  Summary
20   Judgment. (Dkt. no. 66.)  For the reasons discussed below, the Motion is denied.
21   II.    BACKGROUND
22          This case arises out of Plaintiff Kayleen Shakespear's ("Plaintiff") alleged slip-and-
23   fall at a Wal-Mart Store.  Plaintiff alleges that while walking in the area of the produce
24   department near the first frozen food aisle, she slipped on a cherry pit and fell, injuring
25   her neck, back, shoulder, and right knee.  Plaintiff brought suit against Defendant Wal-
26   Mart Stores, Inc. ("Defendant") for negligence, and now moves for summary judgment on
27   (1) Defendant's liability,( 2) causation of injury, (3) reasonableness and necessity of past
28   medical treatment, and (4) reasonableness of past medical expenses.

III.     **DISCUSSION**

     A.     **Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (*citing* Fed. R. Civ. P. 56(c)). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be

insufficient." *Anderson*, 477 U.S. at 252.  Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

### B.    Analysis

To prevail on a cause of action for negligence, a plaintiff must prove "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *DoBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012). Whether a defendant was negligent is typically a question of fact, and courts are reluctant to grant summary judgment in negligence actions.  *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997).

With respect to slip-and-fall cases, a proprietor owes invited guests a duty to keep the premises in a reasonably safe condition for use, and "[t]he presence of a foreign substance on a floor generally is not compatible with [this] standard of ordinary care." *Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 49 (Nev. 1964).  Where the business owner or one of its agents caused the substance to be on the floor, the business is liable for injuries caused by it.  *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993) (*citing Asmussen*, 392 P.2d at 50).  However, "[w]here the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *Id*. at 322-23.

Plaintiff asserts that no questions of material fact remain with respect to Defendant's negligence and, as such, she is entitled to judgment as a matter of law. However, Plaintiff has not met her burden under the summary judgment standard. Although Plaintiff was an invitee on the premise and was owed a duty of care, Plaintiff's evidence does not undisputedly establish that the duty was breached. Additionally, Plaintiff has not established that her damages were caused by Defendant's alleged breach.  Consequently, summary judgment must be denied.

The focus of Plaintiff's argument with respect to Defendant's breach is that Defendant cannot prove its defense of maintaining an "ongoing and continuous regimen of inspections." (Dkt. no. 66 at 7.) Plaintiff presents the testimony of several of Defendant's employees testifying that no investigation was done to determine when the last safety sweep of the aisle was done, or testifying that they could not recall if safety sweeps were conducted five, ten, twenty, thirty, forty-five minutes, or one hour before the incident.  Plaintiff concludes that "[s]ince Wal-Mart cannot prove that it did not breach the duty of care, summary judgment is warranted as to liability because the undisputed facts establish that Wal-Mart did in fact breach its duty of care." (*Id.*)

However, Plaintiff misapplies the summary judgment standard.  The ultimate burden of proof lies with Plaintiff, and Plaintiff has not met this burden.  Plaintiff must establish that there is no genuine issue of material fact before any burden of production or persuasion shifts to the Defendant.  Plaintiff's attempt to merely disprove Defendant's defense is insufficient as it ignores her initial burden.  Thus, although it may be that Defendant is unable to prove its defense that it routinely and timely cleaned the floor, the initial burden lies with Plaintiff to show that Defendant either caused or had actual or constructive knowledge of the dangerous condition.  When viewed in the light most favorable to Defendant as the Court must do here, Plaintiff's evidence fails to satisfy her burden.[1]

Similarly, Plaintiff asserts that causation has been established because "Wal-Mart has absolutely no evidence to support any defense to causation of injury."  (Dkt. no. 66 at 21.)  Again, the burden initially lies with Plaintiff to present evidence affirmatively establishing that her fall was the proximate cause of her injury.  Plaintiff presents only the testimony of her expert witnesses to affirmatively support her causation argument,

---

[1]Further, even if Plaintiff had established that no safety sweep was conducted for at least one hour before the incident, it is still a question for the jury to determine what intervals and methods of floor cleaning constitute reasonable care. *See Worth v. Reed*, 384 P.2d 1017, 1019 (Nev. 1963); *Sprague*, 849 P.2d at 323.

1    and Magistrate Judge Leen excluded those testimonies from use at trial or in any motion

2    or hearing. (Dkt. no. 75.)   Plaintiff does not provide any other evidence relating to

3    causation.  As such, Plaintiff's evidence is insufficient to obtain summary judgment.

4           Because Plaintiff cannot sufficiently establish each element of her negligence

5    claim, her motion for summary judgment must be denied.

6    **IV.    CONCLUSION**

7           It is therefore ordered that Plaintiff Kayleen Shakespear's Motion for Summary

8    Judgment (dkt. no. 66) is denied.

9

10          DATED THIS 10th day of December 2013.

11                                                          MIRANDA M. DU
                                                            UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28