**MOT**
G. DALLAS HORTON & ASSOCIATES
G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
4435 South Eastern Avenue
Las Vegas, Nevada 89119
(702) 380-3100
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| KAYLEEN SHAKESPEAR, | ) | CASE NO.   2:12-cv-01064-MMD-PAL |
| Plaintiff, | ) ) | **PLAINTIFF KAYLEEN SHAKESPEAR'S MOTION IN LIMINIE TO PRECLUDE ATTORNEY MISCONDUCT** |
| v. | ) ) ) | |
| WAL-MART STORES, INC., LLC, a Foreign Corporation d/b/a WAL-MART SOTRE #2837; and DOE EMPLOYEE; DOE SUPERVISOR; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

COMES NOW, Plaintiff KAYLEEN SHAKESPEAR ("Ms. Shakespear") by and through her attorneys of record, G. DALLAS HORTON & ASSOCIATES and hereby move this Honorable Court to preclude attorney misconduct under *Lioce v. Cohen* during the trial.

…

…

…

…

This Motion is made and based upon the Memorandum of Points and Authorities attached hereto, together with the papers and pleadings on file herein, and any oral argument allowed by this Court at the time of hearing.

DATED this ___18___ day of August, 2014.

G. DALLAS HORTON & ASSOCIATES

G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
4435 South Eastern Avenue
Las Vegas, Nevada 89119
(702) 380-3100
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTS

This lawsuit arises from a slip and fall incident that occurred on August 5, 2011 at Defendant, WAL-MART STORES, INC.'S Store #2837 (hereinafter referred to as "Wal-Mart"). On this date, Ms. Shakespear, who was going on a trip to Utah with her daughter, went into Wal-Mart to purchase items for the trip. Ms. Shakespear, while walking in the area of the produce department near the first frozen food aisle, slipped and fell on a cherry pit causing her to sustain personal injuries.

### II.

### LEGAL ARGUMENT

The Nevada Supreme Court in the consolidated appeals decision of *Lioce v. Cohen, 122 Nev. Adv. Opp. 115 (2006)* has clarified what constitutes such prejudicial attorney misconduct during the course of a jury trial in Nevada. This Motion in Limine seeks to preclude attorneys representing Defendants in this case from committing such misconduct during the course of jury voir dire, opening argument, presentation of exhibits, questioning of witnesses and parties, and closing argument of these proceedings. To the extent that such misconduct was described by the Nevada Supreme Court within the *Lioce, supra* decision, it is respectfully requested that this Court preclude not only the aforementioned issues, but any of the following issues and/or arguments from being presented at any time during this case:

...

...

...

1. **Jury Nullification and Arguments and Statements.**

The Nevada Supreme Court in *Lioce v. Cohen* defined jury nullification as:

> "A jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by laws contrary to the jury's sense of justice, morality and fairness." See *Lioce, supra,* 122 Nev. Adv. Opp. At p. 24 citing Blacks Law Dictionary 875 (8th Ed. 2004).

The Court in *Lioce* used several examples of attorney arguments that would result in such jury nullification. The examples specified by the Nevada Supreme Court in *Lioce* concerned an attorney arguing that the case "wasted taxpayer money and jurors' time", that the case was an example of people "looking for an excuse to sue someone at the drop of a hat", that "Americans have become a society of blamers", and that the offending attorney making such prejudicial remarks was doing so to have the jury "send a message" regarding "frivolous lawsuits". The Court in *Lioce* found all of these arguments were directed at causing the jurors to harbor disdain for the civil jury process and purposely perpetuated misconceptions that personal injury cases are unfounded and brought in bad faith by unscrupulous lawyers. The Nevada Supreme Court has found that these arguments were irrelevant to the cases at hand and improper in a Court of law and constituted a clear attempt at jury nullification.

Based upon the Court's decision in *Lioce v. Cohen*, it is respectfully requested that this Court preclude Defendants or their counsel from arguing or mentioning that Ms. Shakespear is somehow involved in a frivolous lawsuit or engaging in fraud. Additionally, counsel must not mention inappropriate policy issues or concepts which are clearly designed to have the jury disregard the facts of this case and the law that would apply to their verdict. Thus, the attorneys for Defendants should specifically be precluded from arguing that: a) the Ms. Shakespear's case is

frivolous; b) that the attorneys representing Ms. Shakespear are unscrupulous; c) that the jury should send a message regarding frivolous lawsuits; d) that Americans have become a society of blamers and sue people at the drop of a hat; e) and that personal injury cases, or that this case, is a waste of taxpayer money and jurors' time.

It is further requested that this Court preclude Defendants' attorneys from attempting to argue any related policies or theories regarding America being a litigious society, or that personal injury cases are frivolous, or that there are too many personal injury lawsuits filed.

### 2. **Statements of Personal Opinion.**

The *Lioce v. Cohen* decision also held that it was a violation of the Nevada Rules of Professional Conduct for an attorney to state to the jury a personal opinion as to his involvement in the case, of the justness of a cause, the credibility of a witness, or the culpability of a litigant. See, Nevada Rules of Professional Conduct (RPC) 3.1(e).

The Court found that it was a violation of the Nevada Rules of Professional Conduct for an attorney to state that he had a "real passion for this case and cases like these", or that these were "the types of cases that caused people to be distrustful of lawyers and legitimate Plaintiffs". The Nevada Supreme Court fiercely rebuked making such comments which resulted in the offending attorney in *Lioce v. Cohen* being referred to the State Bar for disciplinary proceedings for such misconduct.

It is therefore requested that this Court preclude the attorneys for Defendants from injecting their personal opinion that Ms. Shakespear's case is worthless, without merit or by stating their personal opinion as to their feelings concerning their clients (the Defendants) or the defenses that their clients may have available on this case. The *Lioce v. Cohen* decision clearly

stated that such arguments are not only a violation of the ethical duties of an attorney, but also are a blatant attempt to prejudice the jury against Ms. Loving.

The Court also stated that, by injecting any attorney's personal opinion that plaintiffs' cases are worthless or frivolous or a cause of some other ills of society, amounted to jury nullification, since the attorney was attempting to have the jury accept his personal opinion of a public policy debate as a substitute for the evidence and law that should decide the case. See *Lioce, supra, 122 Nev. Adv. Opp. 115 at p. 27, footnote 36.*

### 3. Golden Rule Argument.

The Nevada Supreme Court in *Lioce v. Cohen* also clarified the use of the Golden Rule Argument in personal injury trials. The Court defined a Golden Rule Argument as an attorney asking jurors to place themselves into the position of one of the parties. Golden Rule Arguments are improper, since they infect the jury's objectivity. See *Boyd v. Pernicano*, 79 Nev. 356, 358, 385, P.2d at 343 (1963). The Court in *Lioce* stated that, by inviting the jury to make a decision as if they or their children were involved in any hypothetical situation, especially when it parallels the facts of the case they are deciding, is a purposeful attempt "designed to trivialize... injuries instead of deciding the case on negligence law and the evidence that the (parties) presented". See *Lioce, supra, 122 Nev. Adv. Opp. 115 at p. 28 (clarification added).*

It is respectfully requested that this Court preclude the attorneys for Defendants from making any arguments which attempt to place the jurors into the position of one of the parties, whether it either be using the facts of this case or using any other factually similar hypothetical situation, since the Nevada Supreme Court has clearly ruled that such comments amount to an impermissible Golden Rule Argument.

...

### III.

### CONCLUSION

Therefore, it is respectfully requested that this Court preclude the attorneys for Defendants from committing any of the misconduct that was specified within the *Lioce v. Cohen* decision, including but not limited to: 1) references that Ms. Shakespear's claim is frivolous or worthless, anything about public policy debates regarding lawsuits, frivolous personal injury cases, litigious society and/or any other factors which would cause the jury to ignore the facts of the case and the law the jury is to apply in rendering a verdict; 2) personal opinions of the attorneys representing Defendants about anything having to do with the justness or appropriateness or their defense of the case of their clients or their personal opinions about Ms. Shakespear, her health care providers or their case in general; and 3) any Golden Rule Arguments that the attorney for Defendants may attempt to assert by asking jurors to place themselves in the position of one of the parties, which is improper since the utilization of such scenarios is purposely designed to corrupt the objectivity of the jurors.

DATED this __18__ day of August, 2014.

G. DALLAS HORTON & ASSOCIATES

_____
G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
4435 South Eastern Avenue
Las Vegas, Nevada 89119
(702) 380-3100
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document entitled **PLAINTIFF KAYLEEN SHAKESPEAR'S MOTION IN LIMINIE TO PRECLUDE ATTORNEY MISCONDUCT** has been served upon all counsel of record by using the United States District Court, District of Nevada's Case Management/Electronic Case Filing System that will electronically mail notification to the following counsel of record:

Brenda H. Entzminger, Esq.
PHILLIPS, SPALLAS & ANGSTADT LLC
504 South Ninth Street
Las Vegas, Nevada 89101
*Attorneys for Defendant*

DATED this 19th day of August, 2014.

_____
An employee of G. DALLAS HORTON & ASSOCIATES