UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KAYLEEN SHAKESPEAR,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>WAL-MART STORES, INC.; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-01064-MMD-PAL<br><br>ORDER |

**I.　SUMMARY**

This case is scheduled for trial on the Court's October 21, 2014, calendar stack.

This is a simple personal injury case involving a single claim for negligence. Yet, incredibly, the parties have filed twenty-six (26) motions in limine.[1] Some of the issues raised in these motions are frivolous and the fact that they are even raised shows both parties' deteriorating professionalism. The Court therefore directs counsel to meet and confer on the pending motions in limine before the calendar call scheduled for October 14, 2014. At the calendar call, the Court expects a report from counsel on their progress to informally resolve the issues raised in these motions.

---

[1] The parties filed eleven (11) separate motions in limine and a motion to enforce containing fifteen (15) separate sub-motions in limine. (Dkt. no. 106.)

This Order addresses Defendant Wal-Mart Stores, Inc.'s Motion for Dismissal Sanctions Under Rule 41(b) and/or Rule 37(b) ("Motion"). (Dkt. no. 111.) For the reasons discussed below, Defendant's Motion is denied in part and granted in part.

## II. BACKGROUND

The relevant facts are recited in the Court's previous Orders. Because the rulings in two of these Orders affect the Court's analysis, the Court summarizes them here. In these Orders, which were entered on December 12, 2013, the Court denied Plaintiff's objection to a decision by the Magistrate Judge ("Affirming Order") (dkt. no. 78) and denied Plaintiff's motion for summary judgment ("SJ Order") (dkt. no. 79).

In the Affirming Order, the Court addressed Plaintiff's objection to the Magistrate Judge's decision to grant Defendant's motion to exclude evidence disclosed in two expert witness reports. The Magistrate Judge found that Plaintiff unreasonably waited until the expert disclosure deadline to disclose two expert witnesses, Dr. Armando Miciano and Dr. Hugh Selznick, and their reports. The Magistrate Judge found that Plaintiff's "discovery disclosures and non-disclosures are at best, materially misleading, and at worst, patently false." (Dkt. no. 75 at 11.) Magistrate Judge Leen granted Defendant's motion to exclude and further stated, "Plaintiff shall not be permitted to use as evidence at trial, at any hearing, or any motion, the testimony or opinions of Drs. Selznick and Miciano." (*Id.* at 12.) Plaintiff objected but the Court affirmed Magistrate Judge Leen's rulings. (Dkt. no. 78.)

In the SJ Order, the Court addressed Plaintiff's request for summary judgment on her negligence claim. Plaintiff offered only the testimonies of Drs. Selznick and Miciano to support the causation element of her negligence claim. (Dkt. no. 66 at 21.) The Court rejected this argument, finding that Judge Leen had excluded Plaintiff's only proffered evidence. (Dkt. no. 79 at 4-5.)

///

///

///

### III.   DISCUSSION

Defendant argues that Plaintiff has violated the Court's Orders to exclude certain expert testimonies by stating her intention to call these expert witnesses at trial[2] and by citing to their opinions in two of her motions in limine (dkt. nos. 90 & 94). Plaintiff counters that the Court's prior rulings only preclude Drs. Selznick and Miciano from testifying about future medical damages and permanent impairment. Plaintiff's reading of the Court's prior Orders is not supported by the records.

The Magistrate Judge issued the following orders at the end of her opinion:

1. Wal-Mart's Motion to Exclude All Evidence Regarding Plaintiff Kayleen Shakepear's Future Surgery, Permanent Medical Impairment, and Future Medical Expenses Pursuant to FRCP 37(c)(1) and FRCP 37(b)(2) [Emergency Motion]  (Dkt. # 56) is **GRANTED**.

2. Plaintiff shall not be permitted to use as evidence at trial, at any hearing, or any motion, the testimony or opinions of Drs. Selznick and Miciano.

(Dkt. no. 75 at 11-12.) Plaintiff contends that the cited paragraphs implicitly show the Magistrate Judge's determination that Plaintiff is precluded from having the two expert witnesses offer their opinions with respect to Plaintiff's medical needs, medical costs, and any permanent impairment. (Dkt. no. 112 at 17.) Plaintiff appears to suggest that the title of Defendant's motion limits Defendant's relief. This argument falls short for two reasons. First, Defendant's motion asks the Court to exclude "any and all evidence untimely disclosed." (Dkt. no. 56 at 30.) The Magistrate Judge granted Defendant's request. (Dkt. no. 75 at 11.) Moreover, to clarify the Order, the Magistrate Judge explicitly stated the scope of her ruling: "Plaintiff shall not be permitted to use as evidence at trial, at any hearing, or any motion, the testimony or opinions of Drs. Selznick and Miciano." (Dkt. no. 75 at 12.) The Magistrate Judge excluded the expert

///

---

[2] In her pretrial disclosures, Plaintiff states that Dr. Selznick's testimony will be limited to causation of injury and the reasonableness of her past medical treatment and that Dr. Miciano's testimony will be limited to the latter topic. (Dkt. no. 111-2 at 2.)

witness testimonies altogether — not, as Plaintiff argues, only as they relate to future medical damages, costs, and permanent impairment.[3]

To the extent Plaintiff was genuinely confused about the scope of the Magistrate Judge's Order, this Court's SJ Order eliminated any doubt. In denying summary judgment, the Court disregarded Plaintiff's proffer of the same expert testimonies to support her causation argument. The SJ Order stated that the Magistrate Judge excluded such testimonies from use at trial or in any motion or hearing. (Dkt. no. 79 at 5.) In opposing the present Motion, Plaintiff relies on the Magistrate Judge's Order and the Affirming Order, but conveniently ignores the SJ Order.[4] The Court thus concludes that Plaintiff has violated the Court's Orders excluding any testimony from Drs. Selznick and Miciano.

The Court will next address the appropriate sanctions. Rule 37(b) authorizes the Court to issue a wide variety of sanctions where a party has violated the Court's pretrial orders. When sanctions are warranted, the Court must determine the appropriate level or severity of sanctions based on the circumstances of the case. Generally, a case-dispositive sanction should only be imposed as a last resort. *See Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993). The Ninth Circuit has constructed the following five-part test to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Rather than creating a set of conditions precedent for imposing

---

[3]In fact, the Magistrate Judge rejected Plaintiff's unreasonable position, taken during the parties' attempt at informal resolution, that Defendant be permitted to designate a medical expert for the limited purposes of rebutting Dr. Selznick's and Dr. Miciano's future medical care opinions, but not to offer testimony relating to Defendant's case in chief. (Dkt. no. 75 at 9-10.)

[4]Plaintiff's opposition brief essentially rehashes the merits of her position with respect to the disclosure of the two expert witnesses.

sanctions, this test gives courts a way to consider what actions may be appropriate. Moreover, the Ninth Circuit has indicated that courts need not always impose less severe sanctions first, or give any explicit warning that a case-dispositive sanction may be imposed. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Indeed, the court may consider all of the offending party's conduct when making its determination of the appropriate sanction. *Henry*, 983 F.2d at 947. Case-dispositive sanctions are only appropriate, however, if the disobedient party's conduct is due to willfulness, fault, or bad faith. *Henry*, 983 F.2d at 947-48 (*citing Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1990)).

Plaintiff's violations of the Court's Orders with respect to the exclusion of expert witnesses warrant sanctions, but not the drastic case-dispositive sanction that Defendant seeks here. Because Plaintiff will not be permitted to offer the testimony or opinion of either Dr. Selznick or Dr. Miciano, Defendant will not suffer prejudice at trial. The only harm to Defendant is the attorneys' fees incurred in bringing the Motion. Accordingly, the Court will impose sanctions in the form of reasonable attorneys' fees Defendant has incurred in connection its Motion.

## IV.    CONCLUSION

It is therefore ordered that Defendant Wal-Mart Stores, Inc.'s Motion for Dismissal Sanctions Under Rule 41(b) and/or Rule 37(b) (dkt. no. 111) is granted in part and denied in part. The Court denies Defendant's request to impose dismissal as sanctions. The Court imposes as sanctions Defendant's reasonable attorneys' fees incurred in bringing the Motion. Defendant has until November 3, 2014, to file an affidavit of reasonable attorneys' fees incurred in bringing the Motion. Plaintiff has until November 17, 2014, to file a response to the extent Plaintiff contends that the amount of requested fees is unreasonable.

DATED THIS 10th day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE