UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAYLEEN SHAKESPEAR,<br><br>                        Plaintiff,<br>       v.<br><br>WAL-MART STORES, INC.; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>                        Defendants. | Case No. 2:12-cv-01064-MMD-PAL<br><br>ORDER |

This Order addresses the admissibility of the safety meeting notes produced by Defendant Wal-Mart Stores, Inc. and attached as Exhibit 17 to Plaintiff's opposition to Defendant's motions in limine (dkt. no. 109). The Court previously granted Defendant's Motion in Limine No. 2 to exclude evidence of other incidents and/or slip/fall claims, but reserved for consideration the admissibility of Defendant's weekly safety team meeting notes ("Safety Meeting Notes"). (Dkt. nos. 106, 123.) The Court heard additional arguments on the admissibility of the Safety Meeting Notes on October 27, 2014.

The Court finds that the Safety Meeting Notes are probative of Plaintiff's claim that Defendant breached its duty of care. Plaintiff argues that the Safety Meeting Notes show vast discrepancies in the number of "Customer Accidents YTD" from week to week, and that such discrepancies demonstrate that Defendant maintained a relaxed attitude toward safety at the store location where the incident occurred. This evidence also provides background information relating to the incident and lends context to

Plaintiff's claim. The Court, however, agrees with Defendant that the Safety Meeting Notes are not admissible for the purpose of suggesting that Defendant had notice of any alleged dangerous condition; they will not be admitted for that purpose.

The Court further finds that it must impose some limits on the admissibility of the Safety Meeting Notes because of the potential for unfair prejudice, confusion of the issues, undue delay, and wasting time under Fed. R. Evid. 403. Plaintiff is permitted to offer the Safety Meeting Notes, but Plaintiff is precluded from offering (1) any evidence of the absence of any safety meeting notes from 2011 and (2) any information relating to the underlying customer accidents referenced in the Safety Meeting Notes. These restrictions are imposed to avoid trial on collateral issues, such as why Defendant lacks meeting notes for part of 2011, and the details of the customer accidents that comprise the "Customer Accidents YTD" as reported in these notes. In other words, Plaintiff may offer the Safety Meeting Notes for the sole purpose of showing the discrepancies in the reported "Customer Accidents YTD."

DATED THIS 27th day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE