UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KAYLEEN SHAKESPEAR, | Case No. 2:12-cv-01064-MMD-PAL |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| WAL-MART STORES, INC.; DOES I through X and ROE CORPORATIONS I through X, inclusive, | (Def.'s Motion for Attorney's Fees and Costs – dkt. no. 165) |
| Defendants. | |

**I.    SUMMARY**

The jury returned a defense verdict after a four-day trial. Before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Attorney's Fees and Costs ("Motion"). (Dkt. no. 165.)  Plaintiff Kayleen Shakespear opposes Defendant's Motion (dkt. no.167) and Defendant has replied (dkt. no. 168).  For the reasons discussed below, the Motion is granted in part and denied in part.

**II.    BACKGROUND**

This case arises out of Plaintiff's alleged slip-and-fall at a Wal-Mart Store on August 5, 2011. Plaintiff alleges that while walking in the area of the produce department near the first frozen food aisle, she slipped on a cherry pit and fell, injuring her neck, back, shoulder, and right knee. (Dkt. no. 1-2.) She asserts a claim for negligent. (*Id.*)

Plaintiff testified that she sustained a complex tear to her right medial meniscus and claimed past medical expenses in excess of $43,000. (Dkt. no. 167 at 12.) Trial began on November 4, 2014, and concluded on November 7, 2014. (Dkt. nos. 154, 160.) The jury returned a verdict for Defendant. (Dkt. no. 160.)

On October 3, 2014, about a month before trial, Defendant made an Offer of Judgment in the amount of $70,001.00. (Dkt. no. 165-2.) Plaintiff did not accept the offer. (Dkt. no. 165 at 1.) Defendant now seeks an award of attorney's fees and costs pursuant to NRS § 17.115 and Fed. R. Civ. P. 68.

**III.    DISCUSSION**

    **A.    Attorney's Fees**

Defendant requests post-offer attorney's fees in the amount of $38,323.00. (Dkt. no. 165 at 2.)  Plaintiff counters that Defendant is not entitled to an award of attorney's fees.

NRS § 17.115(4)(d)(3) gives the court discretion to award reasonable attorney's fees incurred from the date of the offer to the entry of judgment where the judgment is less favorable than the unaccepted offer.  The parties do not dispute that the Court must evaluate the four-factor test established in *Beattie v. Thomas,* 668 P.2d 268, 274 (Nev. 1983), in determining whether to award attorney's fees under Nev. R. Civ. P. 68.  The factors are:  "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." *Id.* The Court cannot conclude that Plaintiff's decision to proceed to trial was grossly unreasonable or in bad faith and therefore declines to grant the requested attorney's fees.

With respect to slip-and-fall cases, a proprietor owes invited guests a duty to keep the premises in a reasonably safe condition for use, and "[t]he presence of a foreign substance on a floor generally is not compatible with [this] standard of ordinary care."

1  *Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 49 (Nev. 1964). Where the business
2  owner or one of its agents caused the substance to be on the floor, the business is liable
3  for injuries caused by it.  *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993)
4  (citing *Asmussen*, 392 P.2d at 50).  However, "[w]here the foreign substance is the result
5  of the actions of persons other than the business or its employees, liability will lie only if
6  the business had actual or constructive notice of the condition and failed to remedy it."
7  *Id.* at 322-23.

8  Plaintiff did not claim that Defendant or its employee caused the cherry pit to be
9  present on the floor. Accordingly, Defendant's liability hinged on whether Defendant
10 knew or should have known of the presence of the cherry pit on the floor, and resolution
11 of this issue in turn depended primarily on the jury's assessment of credibility. There
12 were no witnesses to Plaintiff's fall, but Defendant did not dispute that the accident
13 occurred. Defendant did not maintain a sweep log; Defendant relied on a policy that
14 requires employees to do continuous sweep of debris as they see them. Defendant
15 ultimately identified certain employees who would have done a safety sweep of the
16 accident area shortly before the accident, but their testimonies show they either did not
17 recall doing so or were working in another area. (Dkt. no. 167 at 6-9.) Michelle Smith,
18 who was the Assistant Manager of the Wal-mart Store, testified in her deposition in
19 January 2013 and at trial that she did a sweep of the area twenty minutes before the
20 accident, but she did not make a note of this in her statement taken after the accident or
21 in any other record. (*Id.* at 6; dkt. no. 165 at 3.) Ms. Smith also testified that she saw
22 Fred Garcia performing his sweep duties in the grocery aisles before the accident
23 occurred. (Dkt. no. 165 at 3.) However, Mr. Garcia testified that he could not recall doing
24 any safety sweeps and may have been doing other assignments before the accident.
25 (Dkt. no. 167 at 8.) Under these circumstances, Plaintiff did not act in bad faith or was
26 grossly unreasonable in rejecting Defendant's offer.

27 Defendant's request for an award of post-offer attorney's fees is denied.
28 ///

### B. Fees

Defendant requests post-offer costs in the amount of $8,946.35. (Dkt. no. 165 at 2.) Rule 68(d) of the Federal Rules of Civil Procedure requires the offeree to "pay the costs incurred after the offer was made" where the judgment obtained is less favorable than the rejected offer. Because Plaintiff did not prevail at trial, Plaintiff must therefore reimburse Defendant for the costs incurred after October 3, 2014. Plaintiff does not dispute that she is required to pay costs, but she challenges some of the costs incurred. The Court finds that the challenged costs were appropriately incurred. Defendant's request for costs is granted.

## IV.   CONCLUSION

It is therefore ordered that Defendant's Motion for Attorney's Fees and Costs (dkt. no. 165) is granted in part and denied in part. Defendant's request for costs in the amount of $8,946.35 is granted. Defendant's request for attorney's fees is denied.

The Clerk is instructed to enter judgment in accordance with this Order.

DATED THIS 24th day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE